UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | CASE NO. 13-20982 (ASD) |
| ) | |
| DOUGLAS A. BLAKE, ) | CHAPTER 7 |
| ) | |
| DEBTOR. ) | |
| ) | |
| ) | |
| GEORGE BUSHNELL and ) | |
| MARGE BUSHNELL, ) | |
| ) | |
| PLAINTIFFS, ) | ADV. PRO. NO. 13-02036 |
| v. ) | |
| ) | RE: ECF NO. 56 |
| DOUGLAS A. BLAKE, ) | |
| ) | |
| DEFENDANT. ) | |

**MEMORANDUM OF DECISION AND ORDER DENYING
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

ALBERT S. DABROWSKI, United States Bankruptcy Judge

**I. INTRODUCTION**

Before the Court is the Plaintiff's *Motion for Summary Judgment* (hereinafter, the ("Motion"), ECF No. 56. For the reasons stated hereinafter, the Motion shall be denied.

**II. PROCEDURAL BACKGROUND**

Douglas A. Blake (hereinafter, the "Debtor") commenced the instant bankruptcy on March 15, 2013, by the filing of a voluntary petition under Chapter 7 of the United States Bankruptcy Code. On October 21, 2013, George Bushnell and Marge Bushnell (hereinafter, the "Plaintiffs") commenced the instant adversary proceeding by the filing of a complaint (hereinafter, the "Complaint"). Through Count One of the Complaint, the

Plaintiffs seek a determination of nondischargeability pursuant to §523(a)(2)(A) asserting, *inter alia*, that the Debtor (i) obtained the monetary amount of $35,000 from them by "false pretenses, a false representation or actual fraud," Complaint, Count One, ¶15.[1]

On January 17, 2014, the Plaintiffs' filed a Motion for Default, Adv. ECF No. 9, based upon the then *pro se* Debtor's failure to plead or otherwise defend. The Clerk, on January 22, 2014, entered an *Order for Entry of Default* (hereinafter, the "Default Order"), Adv. ECF No. 10.  Thereafter, on June 12, 2014, an *Appearance,* Adv. ECF No. 25 on behalf of the Debtor was filed by Mitchell A. Cohen, Esq., accompanied by a *Motion to Vacate Clerk's Entry of the Default*, Adv. ECF No. 27, and *Defendant's Answer to Adversary Proceedings Complaint*, Adv. ECF No. 24, which Answer was amended on June 26, 2014 (hereinafter, the "Amended Answer"), Adv. ECF No. 40.  Also on June 26, 2014, the Court vacated the Default Order, Adv. ECF No. 43.

Presently before the Court is the Motion, supported and accompanied by a *Local Rule 56(a)1 Statement* (hereinafter, the "Rule 56(a)1 Statement"), ECF No. 56-2, a *Memorandum of Law In Support of Motion for Summary Judgment* (hereinafter, the "Memorandum of Law"), ECF No. 56-3, an *Affidavit* [of Plaintiffs] (hereinafter, the "Plaintiffs' Affidavit"), ECF No. 56-4, an *Affidavit* [of Counsel] (hereinafter, the "Affidavit of Counsel"), ECF No. 56-5, and a *Proposed Order Granting Plaintiffs' Motion for Summary Judgment*

---

[1] Through Count Two of the Complaint, p.3, captioned "Unjust Enrichment," the Plaintiffs appear to be seeking recovery of the same monetary amount on that hypothesis but without reference to any statutory authority. The Adversary Proceeding Cover Sheet under "CAUSE OF ACTION" (which requires, *inter alia*, a "BRIEF STATEMENT . . . INCLUDING ALL U.S. STATUTES INVOLVED") states "Complaint to recover fraudulent transfers pursuant to 11 U.S.C. Sec. 549 and 550(a)."  However, §549 by its specific language limits authority to the *trustee* to seek avoidance of  postpetition transfers, with recovery for the benefit of the estate, of property transferred pursuant to §550, In addition, for reasons similar to those warranting denial of summary judgment on Count One, summary judgment on Count Two is not appropriate.

(hereinafter, the "Proposed Order"),[2] ECF No. 56-6.

The Debtor has failed to file the requisite Rule 56(a)2 Statement[3] or otherwise directly respond to the Motion.

### III.  DISCUSSION

### A. Bankruptcy Code Section 523(a)(2)(A)

Section 523(a)(2)(A), provides, in relevant part:

> (a) A discharge . . . does not discharge an individual debtor from any debt --
>
> * * * *
>
> (2) for money . . . , to the extent obtained, by --
>
> > (A) false pretenses, a false representation, or actual fraud . . . .

Under well-established §523(a)(2)(A) principles, the Plaintiff must prove each of the

---

[2] The Proposed Order submitted with the Motion, ECF No. 56-6, simply requests "that summary judgment . . . enter against the Defendant, Douglas Blake, in the amount of $35,000.00."

[3] Rule 56(a) of the Local Civil Rules of the United States District Court for the District of Connecticut (hereinafter, "D. Conn. L. Civ. R. __"), made applicable to this proceeding by Local Rules of Bankruptcy Procedure 1001-1(b) (hereinafter, (hereinafter, "Fed. R. Bankr. P. ___", supplements Rule 56(c) of the Federal Rules of Civil Procedure (hereinafter, "Fed. R. Civ. P.. __") by requiring statements of material fact from each party to a summary judgment motion.

D. Conn. L. Civ. R. 56(a), entitled "Motions for Summary Judgment", states in pertinent part as follows:

> "1.  There shall be annexed to a motion for summary judgment a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs . . . a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. *All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2* (emphasis added).
>
> 2. The papers opposing a motion for summary judgment shall include a document entitled 'Local Rule 56(a)2 Statement,' which states in separately numbered paragraphs . . . and corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied."

D.Conn. L.Civ.R. 56(a) (emphasis added).

following five elements:

    (1)    the debtor made the representations;
    (2)    *at the time he knew they were false*;
    (3)    *he made them with the intention and purpose of deceiving the creditor*;
    (4)    the creditor justifiably relied on such representations; and
    (5)    the creditor sustained the alleged loss and damage as the proximate result of the representation having been made.

*E.g., Ramos v. Rivera (In re Rivera)*, 217 B. R. 379, 384 (Bankr. D.Conn. 1998); See, e.g., *In re Roberti*, 183 B.R. 991, 1005 (Bankr. D.Conn. 1995).

**B. Summary Judgment Standards and the Application Thereof**

When ruling on motions for summary judgment "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Federal R. Civ. P. 56(a), made applicable to these proceedings by Fed. R. Bankr. P. 7056, directs that summary judgment enter if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(1) states that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials."

As already noted, the Debtor has not responded to the Motion or filed the requisite, responsive Local Rule 56(a)2 Statement. However, as recently noted by a panel of the United States Court of Appeals for the Second Circuit, "[a] defendant, of course, takes a risk in not responding to [a summary judgment] motion but may still prevail as Rule 56 requires the court to examine and verify that the plaintiff-movant's submission suffices to

support entry of the judgment." *Jackson v. Federal Express*, 766 F.3d189, 194 (2d Cir. 2014).

In support of the their Motion, the Plaintiffs' simply argue:

the defendant has failed to answer or object to the Plaintiffs' requests for admission. Therefore, all of the factual allegations contained in the Plaintiffs Complaint must be deemed admitted. Consequently, the Plaintiffs' are entitled to summary judgment as a matter of law.

Memorandum of Law, p. 3, Section III. Argument (Reference to Affidavit of Counsel omitted).

At the outset, the Court notes that the Complaint does not allege, the Rule 56(a)1 Statement does not assert, and Memorandum of Law, Plaintiff's Affidavit or Affidavit of Counsel do not address, certain material and requisite elements for relief pursuant to §523(a)(2)(A) - including, that *at the time* the Debtor represented he would use the money received from the Plaintiffs to purchase cars for resale (hereinafter, as also defined in the Complaint, the "Investment") he knew that representation was false*,* and then intended to deceive the Plaintiffs.[4] The Complaint merely alleges that the Debtor "represented he would utilize the Investment to purchase cars for resale when, in fact, he utilized approximately $35,000.00 of the Investment for personal use." Complaint, ¶15. Moreover, in the Complaint, the Plaintiff acknowledges that "the Investment produced revenue for a short period of time," during which the [Debtor] tendered payments [on the Investment]." Complaint, ¶¶ 12 & 14. Stated differently, but with the same effect, a subsequent breach or default of contract is not a basis for a determination of nondischargeability pursuant

---

[4]Therefore, on the basis that all material facts for relief pursuant to §523(a)(2)(A) are not set forth in the Rule 56(a)1 Statement and supported by evidence, there remain material facts in issue and summary judgment cannot be granted.

§523(a)(2)(A).

As this Court has previously opined, this is because:

> the phrase "to the extent obtained by" "makes clear that the share of money . . . that is obtained by fraud gives rise to a nondischargeable debt." [*Cohen v. De La Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 1216 (1998)]. To sustain a claim of nondischargeability under Section 523(a)(2)(A) the Plaintiff therefore must make a threshold showing that the alleged "fraud . . . existed at the time of, and has been the methodology by which, the money, property or services were obtained." *Wilcoxon Construction, Inc. v. Woodall (In re Woodall)*, 177 B. R. 517, 523 (Bankr. D. Md. 1995). That is to say, the "funds themselves must have been obtained by fraud in the inception." *Community Nat'l Bank v. Slominski (In re Slominski)*, 229 B. R. 432, 435 (Bankr. D. ND. 1998) (citation and internal quotation marks omitted). Misrepresentations that are made subsequent to the creation of the debt "have no effect upon the dischargeability of a debt, since the false representation could not have been the creditor's reason for the extension of credit." *In re Woodall*, *supra*, 177 B. R. at 524 (citation and internal quotation marks omitted).

*In Re Capelli*, 261 B.R. 81, 88 (Bankr. D. Conn 2001).

The Plaintiff, however, specifically relies on Fed R. Bankr. P. 7036(a)(3) to establish for purposes of summary judgment that the Debtor "obtained the Investment from Plaintiff by false pretenses, false representations or actual fraud" by his failure to timely controvert, *inter alia*, by a written answer or objection, the Plaintiffs' Request for Admission No. 9 (the Debtor "obtained the Investment from Plaintiff by false pretenses, false representations or actual fraud") in the Plaintiffs' *Interrogatories, Requests for Production, and Requests for Admissions*, Exhibit B, Memorandum of Law.[5] Rule 7037(a)(3) provides, in pertinent part:

> *Time to Respond; Effect of Not* Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ."

---

[5] The actual date and service of Exhibit B is not clear as that document dated September 24, 2014 in its caption, a date consistent with the Attorney Affidavit at ¶4, appears to have been actually signed a month later on October 24, 2014. *Id*. at 10.

6

Federal R. Bankr. P. 7036(a)(4) provides, *inter alia*, that [i] if a matter is not admitted, the answer must specifically deny it." While not a direct response to the Request for Admissions, the Debtor, in his Amended Answer filed June 26, 2014, several months before the date of the Motion, the Debtor had already and sharply attacked and denied key elements of §523(a)(2)(A):

> $6^6$. At no time during the time of the discussions conducted regarding the initiation of any contemplated business that the arrangement attempted for commemoration was in any way misleading, or that same contained any misrepresentations on the part of the Defendant, or that any other representations of the Defendant to the Plaintiffs were untrue.
>
> 7. The Plaintiffs' Complaint contains no allegations regarding any supposed misrepresentation by the Defendants to the Plaintiffs', nor does it state with any specificity whatsoever any intentionally fraudulent acts committed by the Defendant.
>
> 8. The Plaintiffs' Complaint does not state in any intelligible manner, how the Plaintiffs determined, contrary to facts alleged hereinabove, that, at the time of the initiation of their proposed joint ventures, or subsequently, that the Defendant intended to deceive or defraud them in any way.
>
> 9. The Plaintiffs' Complaint does not state in any intelligible manner, how the Plaintiffs determined, contrary to facts alleged hereinabove, that, at the time of the initiation of their proposed joint ventures, or subsequently, given their expertise in business matters, that they could have reasonably relied to their detriment in the memorandum drawn to facilitate the formation of the series of ventures contemplated in the memorandum, and never at any time asked to reform the agreement formally and/or with the participation of counsel.
>
> 10. The business arrangement hereinabove described failed, not because of any fraud or misrepresentation on the part of the Defendant, but because [of acts of the Plaintiffs]."

Through the Amended Answer, the Debtor has vigorously asserted he had no actual

---

[6] Refers to paragraph numbers in the Special Defenses Section of the Amended Answer.

7

intent to defraud, made no false representations, nor were there false pretenses, and that he intends to defend in this proceeding on that basis, *inter alia.* Under the circumstances attending the present Motion, the Court concludes the Debtor is entitled to the opportunity at trial to demonstrate the credibility of the averments in the Amended Answer, including the Special Defenses set forth therein, and that summary judgment is not appropriate.  See *Novak v. Blonder (In re Blonder)*, 246 B.R. 147, 151 (Bankr. D.Conn. 2000) (*noting* that the Second Circuit "has consistently held where subjective issues regarding a litigant's state of mind, motive, sincerity or conscience are squarely implicated, summary judgment would appear to be inappropriate and a trial indispensable." *Patrick v. LeFevre*, 745 F.2d 153, 159 (2d Cir. 1984) (citations omitted)").

As there are significant, issues of material fact remaining to be determined by this Court in this Adversary Proceeding, summary judgment is not appropriate.

## IV. ORDER

In accordance with the discussion above,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment*, ECF No.56, is **DENIED.**

Dated: March 9, 2015                                                                                 BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge